Opinion filed October 16, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed October 16, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00236-CR

                                                    __________

 

                               EX
PARTE ROBERT CHARLES SIMMONS

 



 

                                          On
Appeal from the 39th District Court

 

                                                         Haskell
County, Texas

 

                                                   Trial
Court Cause No. 11,572

 



 

                                             M
E M O R A N D U M   O P I N I O N

This
is an appeal pursuant to Tex. R. App. P.
31 from the trial court=s
order denying Robert Charles Simmons=s
application for writ of habeas corpus seeking to prevent his extradition to
California.  We affirm.








At
the hearing, the State introduced the Texas Governor=s warrant stating that Simmons was a fugitive
from the State of California and was charged with offenses of robbery, grand
theft, and hit and run.  The California Governor=s
requisition and supporting documents were also introduced.  No objections were
made.  Counsel for Simmons argued that there had been a lack of due diligence
in extraditing Simmons because Simmons had previously been Ain custody in 2007,@ that Athe warrant [was] not
legally issued,@ and
that A[w]e are not
arguing identity.@ 
The trial court found that the extradition papers were in order, that Simmons
was the same person named in the extradition papers, that Simmons had been
charged with committing crimes in California, and that Simmons was in the
custody of the Haskell County Sheriff=s
Department.  The trial court then denied Simmons=s
application for writ of habeas corpus and ordered that Simmons remain in custody
for the purposes of being delivered to the designated agents of the State of
California.

In
his sole issue on appeal, Simmons argues that California did not use due
diligence in pursuing the governor=s
warrant.  That issue was not before the trial court and is not before this
court now.

In
Michigan v. Doran, 439 U.S. 282, 289 (1978), the Supreme Court stated:

Once the governor
has granted extradition, a court considering release on habeas corpus can do no
more than decide (a) whether the extradition documents on their face are in
order; (b) whether the petitioner has been charged with a crime in the
demanding state; (c) whether the petitioner is the person named in the request
for extradition; and (d) whether the petitioner is a fugitive.

 

See also Ex
parte Potter, 21 S.W.3d 290, 297 (Tex. Crim. App. 2000).

The
issue is overruled.  The record before this court supports the trial court=s findings and order.

The
order of the trial court is affirmed.

 

PER CURIAM

 

October 16, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.